UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA WILLIAMS and CRAIG WILLIAMS,
Her husband,

Plaintiffs,

v.                                         3:11-cv-445

ARCTIC CAT, INC., ARCTIC CAT, ARCTIC
CAT PRODUCTION, LLC, ARCTIC CAT
PRODUCTION SUPPORT, LLC, ARCTIC CAT
SALES, INC., ARCTIC CAT SHARES SERVICES,
LLC, GANDER MOUNTAIN COMPANY, and
GANDER DIRECT MARKETING SERVICES, LLC,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs Barbara and Craig Williams commenced the instant personal injury action

against Defendants arising out of Barbara Williams' operation of an Arctic Cat Prowler XT

650 H1 manufactured by Defendant Arctic Cat and sold by Defendant Gander Mountain.

Plaintiffs asserted claims for strict product liability, negligence, and breach of warranty.  In

Decisions and Orders issued on September 12, 2012 and September 19, 2012, familiarity

with which are presumed, the Court, among other thing, dismissed Plaintiff's design defect

and breach of warranty claims.  The Court denied the motion to dismiss the failure to warn

claims.  Defendants move for reconsideration of the failure to warn claim on the ground that

the Court did not address the issue of proximate cause in connection with that claim.

Because Defendants argued lack of probable cause in their moving papers, this is a valid

basis for reconsideration.  Shrader v. CST Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995);

Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp.2d 390, 392 (S.D.N.Y. 2000).

Plaintiffs cross-move for reconsideration of the preclusion of their expert, Professor Feer, and

the dismissal of their design defect and breach of warranty claims.

Defendants claim that Plaintiffs are unable to establish proximate cause because:

(i) they failed to supply an alternative warning that would have caused Barbara Williams to

take notice; (ii) there is insufficient evidence that using the Prowler on the pavement was the

cause of the accident; and (iii) there is insufficient evidence that Barbara Williams would

have heeded any additional warnings.

To prevail on a failure to warn theory, Plaintiffs must demonstrate that the failure to

adequately warn of the Prowler's dangers was a proximate cause of Barbara Williams's

injuries.  Bravman v. Baxter Healthcare Corp., 984 F.2d 71, 75 (2d Cir. 1993).  Plaintiffs need

not offer alternative warnings under the facts and circumstances of this case.  The Court

previously found that there were clear and specific warnings in the product manual

concerning the rollover danger associated with driving on the pavement.  These warnings

qualify as adequate warning language.  The issue in this case is whether these warnings

were sufficiently prominent.  This includes whether a warning specifically advising that driving

on pavement increases the risk of rollover should have been placed on the Prowler itself or in

a more prominent place in the user manual.  The trier of fact could reasonably conclude that

the failure to have a specific on-product warning or more conspicuous warnings in the

manual and/or on the product contributed to the accident and, thus, Barbara Williams's

injuries.

Moreover, "[f]ailure to warn law includes a presumption that a user would have heeded warnings if they had been given, and that the injury would not have occurred." Adesina v. Aladan Corp., 438 F. Supp.2d 329, 338 (S.D.N.Y. 2006); see also Monell v. Scooter Store, Ltd., — F. Supp.2d —,—, 2012 WL 4062812, at *12 (N.D.N.Y. Sept. 14, 2012); Davids v. Novartis Pharmaceuticals Corp., 857 F. Supp.2d 267, 286 (E.D.N.Y. 2012). This presumption may be rebutted by a showing of specific facts that the warning would have been futile. Id. Defendants have the burden of proving that Barbara Williams would not have read any additional warnings and her behavior would not have changed. Anderson v. Hedstrom Corp., 76 F. Supp.2d 422, 441-42 (S.D.N.Y. 1999). Although Plaintiff does not have an expert who can testify concerning the effect of different types of lettering or presentations of a warning (i.e. size, font, color, style, etc), she can offer lay testimony concerning the visibility of the warnings on the Prowler and the user manual and whether she read those warnings. She also can take advantage of the presumption set forth above. While Defendants have evidence supporting their claim that Plaintiff would not have read and/or heeded any such warnings based on her failure to heed certain other warnings (including the warning to use a helmet), the Court finds that there it is a triable issue of fact whether Plaintiff would have heeded an on-product warning or more conspicuous warning in the manual concerning the increased likelihood of rollover by operating the Prowler on paved surfaces. Anderson, 76 F. Supp.2d at 442. If Plaintiff would have heeded such a warning, then it necessarily follows that the injuries would not have occurred because she would not have been operating the Prowler on Depot Hill Road on the date in question. Further, while Plaintiff does not have expert testimony opining that the accident occurred because of stability issues relating to operating the Prowler on paved surfaces, there is evidence in the

record from which the trier of fact could reasonably conclude that the Prowler is susceptible to increased stability problems when driven on the pavement and that such factors may have contributed to the accident at issue.  Accordingly, the Court finds that it is for the trier of fact to make the ultimate determination concerning proximate cause.

Plaintiffs cross-move for reconsideration of the preclusion of their expert, Professor Feer, and the granting of Defendants' motion for summary judgment on the design defect and breach of warranty claims.  Plaintiffs motion seeks to reargue matters previously addressed without identifying any new evidence that was not reasonably available at an earlier time or matters the Court may have overlooked.  Accordingly, Plaintiffs do not meet the burden for reconsideration and their cross-motion is, therefore, denied.

For the foregoing reasons, Defendants' motion for reconsideration is granted and, upon reconsideration, the motions to dismiss the failure to warn claims are denied.  Plaintiffs' cross-motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: December 6, 2012

Thomas J. McAvoy
Senior, U.S. District Judge