- -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA WILLIAMS and CRAIG WILLIAMS,
Her husband,

Plaintiffs,

v.                                             3:11-cv-445

ARCTIC CAT, INC., ARCTIC CAT, ARCTIC
CAT PRODUCTION, LLC, ARCTIC CAT
PRODUCTION SUPPORT, LLC, ARCTIC CAT
SALES, INC., ARCTIC CAT SHARES SERVICES,
LLC, GANDER MOUNTAIN COMPANY, and
GANDER DIRECT MARKETING SERVICES, LLC,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECISION AND ORDER

Presently before the Court is Plaintiffs' letter motion seeking to have the Court: (1)

reconsider an earlier decision granting Defendants summary judgment on Plaintiffs' breach

of warranty claims; (2) grant their motion to permit certain witnesses to testify at trial via video

transmission or through videotaped trial depositions; and (3) further respond to Defendants'

objections to Plaintiffs' pre-trial disclosures. See Dkt. 266. Plaintiffs' have also objected to

Defendants' pre-trial submissions. See Dkt. 260. Defendants have responded to these

motion filings. They have also filed motions to quash subpoenas issued by the Plaintiffs as

well as for sanctions. See Dkts. 205, 240, 254, 273, 274, 277. The Court also has additional

rulings to make on the parties' motions in limine. See Dkts. 206, 209, 211. In the interest of

completeness, the Court will address all motions in limine filed, whether or not the Court has

already ruled on those motions.

## I.    BACKGROUND

Plaintiffs Barbara and Craig Williams commenced the instant personal injury action against Defendants arising out of Barbara Williams' operation of an Arctic Cat Prowler XT 650 H1 manufactured by Defendant Arctic Cat and sold by Defendant Gander Mountain. Plaintiffs asserted claims for strict products liability, negligence, and breach of warranty.  In a Decision and Order issued on September 12, 2012, the Court dismissed Plaintiffs' design defect and breach of warranty claims.  See Dkt. 150.   The Court found the breach-of-warranty claims against Defendant Arctic Cat time barred.  Id.  On September 19, 2012, the Court clarified that earlier ruling by confirming that breach-of-warranty claims against Defendant Gander Mountain were dismissed.  See Dkt. 153.   The Court dismissed these claims on the grounds that the evidence could not support a finding that the vehicle in question was not minimally safe, or that Plaintiff's injuries were caused by the failure to warn. Id.

Defendants filed timely motions for reconsideration, and in responding to those motions Plaintiffs also sought reconsideration of the Court's decisions.  See Dkts. 156, 157, 162.  On December 6, 2012, the Court issued a Decision and Order that addressed these motions.  The Court again denied Defendants' motions for summary judgment in part.  See Dkt. 181.  The Court also denied Plaintiffs' motion for reconsideration on their breach-of-warranty claim.  Id.  No party filed a motion for reconsideration of that Order.

The Court set a trial date, which has been continued several times at the parties' request.  Eventually, the parties submitted pre-trial filings and motions in limine.  The Court held a telephonic pre-trial conference on November 27, 2013.  The Court granted in part and denied in part the motions in limine.  The Court also reserved ruling on some portions of the

motions.   At no time in that conference did the Court invite the parties to move for

reconsideration of the Court's summary judgment decision.

On November 27, 2013, the Gander Mountain Defendants filed a letter brief

asserting that the Court had already ruled on the breach of warranty issue, and that the

claims were dismissed.  <u>See</u> Dkt. 213.  Plaintiffs did not respond.  On January 21, 2014,

however, the Plaintiffs filed the instant letter motion seeking the above-stated relief.  <u>See</u> Dkt.

266.  Defendants responded to the motion.  <u>See</u> Dkt. 272.

Defendants have also objected to Plaintiffs' pre-trial submissions and moved to

quash certain subpoenas.  <u>See</u> Dkts. 205, 240, 254, 273, 274, 277.

II.     **DISCUSSION**

**A.  Plaintiffs' Motion**

Plaintiffs' motion, Dkt. 266, contains three parts, which the Court will address in

turn.

**i.  Motion for Reconsideration**

Plaintiffs seek reconsideration of the Court's Order granting Defendants summary

judgment on the Plaintiffs' breach-of-warranty claims.   Plaintiffs assert that "Your Honor

granted us permission to 'reargue' the Court's earlier rulings regarding dismissal of our

warranty claims for failure to warn based upon the statute of limitations."  Dkt. 266 at 1.

The transcript of the November 27, 2013 conference conducted by the Court

reveals that the Court did not grant such "permission" to the Plaintiffs.  At that hearing, the

Court addressed a motion to preclude evidence of design defect or breach-of-warranty

claims, as they had been dismissed after the summary judgment motions.  <u>See</u> Transcript of

Hearing, November 27, 2013, Dkt. 269 at 32.   The Court noted that "[t]here's no warranty

claim left because of my summary judgment ruling." Id. Plaintiffs' Counsel took the

opportunity to assert to the Court that Plaintiffs' claim against Gander Mountain was not time-

barred. Id. Defense Counsel responded that the issue had already been decided pursuant

to the Court's earlier rulings, and "the only issue that's going to be tried in this case is the

failure to warn issue." Id. at 33. After the parties disagreed about whether Plaintiffs could

reargue the issue, the Court promised to review the earlier decisions and make a

determination as to whether the breach-of-warranty claims were still part of the action. Id.

The evidence described above makes clear that the Court did not grant the

Plaintiffs permission to seek reconsideration of the Court's earlier rulings on the Defendants'

summary judgment motions, or even on the Court's earlier decision on the parties' motions

for reconsideration. The Court merely informed the parties that the status of particular claims

was unclear, and that the Court would need to examine previous rulings to clarify the matter.

As explained above, the Court has granted Defendants summary judgment on Plaintiffs'

breach-of-warranty claims, and the issues raised by those claims are no longer present in the

case. In addition, the rules in this district require that motions for reconsideration be filed

within fourteen days "after the entry of the challenged judgment, order or decree." L.R.

7.1(g). Plaintiffs' motion, coming more than a year after the Court's decision, is clearly out of

time and filed without leave of Court. For those reasons alone, the motion will be denied.

Moreover, Plaintiffs' motion does not offer any grounds for denying the Defendants'

motions that Plaintiff did not raise at the time the motions were filed. A motion for

reconsideration "is not a vehicle for relitigating old issues, presenting the case under new

theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"

Sequa Corp. v. Gbj Corp., 156 F.3d 136, 144 (2d Cir. 1999) (quoting United States v. Local

1804-1, 831 F.Supp. 167, 169 (S.D.N.Y. 1993)).   Plaintiffs' motion is clearly an effort to re-litigate an issue decided long ago by this Court, and the motion is denied on that basis as well.

The Court finds that the status of this case has been clear since the Court made its original findings on the Defendants' summary judgment motions.  The Court has repeatedly found that the only viable claim in this case is the failure-to-warn claim that will be the subject of the trial in this matter.  Plaintiffs' repeated attempts to re-litigate the breach-of-warranty issue are unwarranted, without any basis in the law, and a waste of the Court's time.  While the Court will not at this point grant the Defendants' motion for sanctions in reference to this matter, the Court warns the Plaintiffs that any further attempt to reargue the claims the Court has dismissed, or to present evidence at trial pertaining to claims that are no longer part of the case, will result in immediate dismissal of the action as a sanction for Plaintiffs' contempt of Court.  This case is about Defendants' alleged failure to warn about the dangers of driving the subject vehicle on a paved surface and any injuries that Plaintiffs suffered as a result of that alleged failure.  Any attempt to make the case about any other issues, despite the repeated warnings of this Court, amount to direct disobedience to the Court's orders, and would amount to sanctionable contempt.

## ii.  Production of Witnesses for Trial

Plaintiffs next seek leave of Court to either (1) arrange for trial testimony by contemporaneous transmission or (2) by the use of newly conducted videotaped trial depositions.  Plaintiffs plan to conduct these depositions in Minneapolis, Minnesota.  The proposed testimony would involve five witnesses, Mark Esala, Frederic Bernier, and Tracy J. Crocker, who are employed by Defendant Arctic Cat, and Christopher Schindler and Kerry D.

Graskewicz, who are employed by Defendant Gander Mountain. Plaintiffs contend that they will not be able to subpoena these individuals to testify under the Federal Rules of Civil Procedure, and thus must be permitted to use alternative procedures to preserve the witnesses' testimony. Plaintiffs further insist that additional discovery should be permitted of Esala, Bernier and Schindler, who have already testified. These witnesses were deposed, Plaintiffs insist, before "all of the evidence was available," and before the Court limited the action to a single "failure to warn" claim against each of the Defendants. Finally, recognizing that Crocker and Graskewicz were not deposed during discovery, Plaintiffs also argue that the Court must permit testimony from these additional witnesses. Defendants have moved to quash the trial subpoenas issued to these persons.

Plaintiffs admit that Federal Rule of Civil Procedure 45 does not permit the Court to subpoena these witnesses to Binghamton, New York. Plaintiffs are correct that the Court does not have the power to compel the witnesses' attendance at this Court. Federal Rule of Civil Procedure 45(c)(1) provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED R. CIV. P. 45(c)(1).

Plaintiffs contend, however, that Rule 43 permits the Court to order these witnesses to appear for videotaped trial depositions in Minneapolis, Minnesota or video conference trial testimony from that location. Plaintiffs do not discuss the requirements of this rule.

To the extent that these witnesses have been deposed and decline to appear for trial testimony voluntarily, Plaintiffs may present the evidence through deposition testimony previously recorded. Plaintiffs may provide this testimony either by reading the testimony through extant transcripts or by offering the relevant portions of any testimony previously videotaped.

As to the first part of their motion, the Plaintiffs contend that they should be permitted to conduct additional depositions to present at trial. Discovery is closed, and the Court will not permit the Plaintiffs to reopen discovery to collect information that could have collected already. Plaintiffs could have asked any questions germane to this litigation at the depositions previously conducted. Plaintiffs wrote the Complaint, after all, and knew well the areas of inquiry necessary to prove their claims. Any assertion that the Court's rulings on summary judgment changed the nature of the case and require additional testimony is misplaced. The Court's ruling dismissed most of the claims in the case, and the only relevant testimony in the case relates to the remaining failure-to-warn claim. That claim was present when Plaintiffs conducted depositions in this matter and Plaintiffs could have questioned the deponents about facts related to those claims during those depositions.

Moreover, it is apparent to the Court that Plaintiffs' request to record "trial depositions" is really an attempt to repeat the depositions that were already conducted and to gather new evidence after the discovery period has closed. Nothing in the law permits this attempt to take a second bite at the apple. Plaintifs' argument that Kerry Graskewicz, who is now the Executive Vice President of Marketing for Defendants Gander Mountain, should be deposed on the marketing practices of Gander Mountain regarding test drives is unpersuasive. Plaintiffs have already conducted a Rule 30(b)(6) deposition on corporate

practices, and all the questions that Plaintiffs seek to have answered by Mr. Graskewicz could have been asked at that time.  Discovery has closed in this case, the issues to be raised at trial are clear and have been clear for more than a year, and the trial is scheduled.  Thus, any subpoena to take additional testimony of any witnesses would be a waste of time and effort for all parties involved.  The Court will therefore grant the motions to quash as they relate to taking any additional depositions in this case.

As an alternative to re-deposing the witnesses in preparation for trial, Plaintiff suggests that the Court should permit these witnesses to provide live testimony via videoconferencing.   Federal Rule of Civil Procedure 43 provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."  FED. R. CIV. P. 43(a).  The Rule also provides that "[f]or good cause in compelling circumstances with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Id.   Courts have found that "the Federal Rules of Civil Procedure specifically authorize a court to issue an order permitting contemporaneous transmission of live witness testimony as well as the issuance of a subpoena to compel such an appearance by a witness (within the location limits and under the conditions defined by Rule 45) for the purpose of the transmission of his or her contemporaneous testimony at trial, if the requirements included within both rules are heeded."  Allen v. Takeda (In re Actos (Pioglitazone Prods. Liability Lit.), No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 2231, at *51 (W.D. La., Jan.  8, 2014).  A court may grant a request to testify by remote transmission, "but only upon a showing of good cause, compelling circumstances, and with appropriate safeguards."  Id. at *23.

The Court finds that good cause and compelling circumstances do not exist to compel these witnesses to submit to video conference depositions, and that Plaintiffs have offered no such evidence to support their request.   While these witnesses cannot be compelled by subpoena under Rule 45 to appear for trial, their testimony has already been preserved and can be presented to the jury at trial.   Plaintiff had an opportunity to elicit any relevant information during these examinations.  The testimony of the witnesses will not disappear if they do not testify in open court, as that testimony has previously been recorded and can be presented in this Court.  Thus the value of live video conference testimony would not outweigh the cost and expense of having these witnesses testify by video conference, as well as the inconvenience to the witnesses and parties in this case from such testimony. This case is not multi-district litigation that involves multiple parties choosing to try a case at a courthouse far distant from the residence of any of those parties.   See Allen, 2014 U.S. Dist. Lexis at *26.  The logistics of the case do not require the complications and expense of video testimony.  Moreover, Plaintiffs have known of the location of these witnesses for years and have been aware that the Court could not subpoena them to trial.  Despite this knowledge, Plaintiffs failed to request that the witnesses be produced for video testimony until shortly before the trial, when arranging for that process would be only more difficult. Finally, Plaintiffs claim to the need for additional witness testimony, as explained above, is misplaced.

        To be sure, the Second Circuit Court of Appeals has emphasized that "the general preference of the federal rules . . . is for oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness."  Carter-Wallace, Inc. v. Otte, 474 F.2d 529, 536 (2d Cir. 1972).  "While the use of previous testimony is a well-

established exception to this rule, it is an exception based on the necessity of using the prior testimony when an alternative is loss of that testimony entirely." Id. When a fact witness is not available, "his unique knowledge of the facts will be lost unless the use of his prior testimony is allowed." Id. Assuming that the witnesses do not appear voluntarily, those witnesses are "unavailable" at trial. Their testimony on the matter is available by other means, however. The testimony that is relevant to this matter–that is, testimony relevant to the remaining failure-to-warn claim–has previously been the subject of depositions of the relevant parties and will be made available to the jury at trial. Since testimony by deposition can be "equivalent to testimony at the trial," and Plaintiffs had an opportunity to elicit all relevant testimony during the deposition, the Court finds that Plaintiffs will not be prejudiced by presenting the testimony of the unavailable witnesses in this case. Kierce v. Central Vermont R. Inc., 79 F.2d 198, 200 (2d Cir. 1935); see also Lamb v. Globe Seaways, Inc., 516 F.2d 1352, 1354 (2d Cir. 1975) (permitting use of deposition testimony when Plaintiff was unavailable). The testimony is also admissible pursuant to Federal Rule of Evidence 804, since the party "against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination." Ball v. Interoceanica Corp., 71 F.3d 73, 76-77 (2d Cir. 1995).

      In addition, Defendants' pre-trial disclosures indicate that the witnesses that Plaintiffs seek to call may be presented by the Defendants as live witnesses at trial. The Court would encourage the Defendants to state as soon as possible whether they intend to call these witnesses to testify at the trial. While the Court may not be able to compel these parties to attend by subpoena, the Court recognizes the value of such testimony and encourages the parties to work out an agreement to ensure that these witnesses testify live

at trial.

### iii.  Defendants' Motions to Quash and for Sanctions

Related to the Plaintiffs' motion concerning depositions and trial testimony, the Defendants have filed various motions to quash subpoenas issued by the Plaintiffs.  These motions also seek sanctions against the Plaintiffs.  First, the Arctic Cat Defendants seek to quash subpoenas issued to Fred Bernier and Mark Esala to appear at trial.  See Dkt. 205.  The Court ruled at the pre-trial conference that these persons could not be compelled to appear pursuant to Federal Rule of Civil Procedure 45.  For the reasons stated above related to persons who are out-of-state, the subpoenas for these individuals are quashed.

Next, the Gander Mountain Defendants seek to quash subpoenas issued to Wendi Bigelow, Christopher Schindler and an unnamed officer of Gander Mountain Corporation.  See Dkt. 254.  Defendants argue that Wendi Bigelow is no longer a Gander Mountain employee and service on Gander Mountain's counsel was inappropriate.  Defendants argue that the subpoenas served on Schindler and the unnamed corporate representative relate to parties outside the Court's jurisdiction and cannot be served.   The Court will grant this motion to quash.  As explained above, the Court has no power to compel parties in Minnesota to comply with a subpoena to New York and the Court agrees that Gander Mountain's Counsel cannot accept a subpoena for a person no longer in Gander Mountain's employ.

Plaintiffs have also subpoenaed Christopher Schindler and Kerry D. Gaskewicz for depositions to be used at trial.  The Gander Mountain Defendants  seek to have these subpoenas quashed as improper as well.  See Dkts. 273, 274.  They also seek to have the Plaintiffs sanctioned for issuing these subpoenas and for raising additional arguments in their

filings.  Defendants argue that there is no good cause for these additional depositions, as Schindler has already been deposed and Gaskewicz has no information relevant to the remaining claim in this case.   Plaintiffs, they insist, have not offered any argument as to the information that could be obtained form him.  They also argue that Plaintiffs' actions in relation to these depositions has served only to delay the litigation, increase costs, and harass the Defendants.  Those actions, Defendants argue, require sanctions.

For the reasons explained above, the Court will grant the motions to quash.   The Court cautions Plaintiffs that additional efforts to subpoena witnesses who are not subject to the Court's subpoena power under the Federal Rules will result in sanctions.  The Court will not at this point grant the motion for sanctions, however.  Defendant Gander Mountain has established that Plaintiffs have refused to stop attempting to litigate claims dismissed by the Court, but the Court finds that Plaintiffs' actions do not at this point warrant the imposition of sanctions.   The Court notes that Defendants contend that Plaintiffs have wasted time by refusing to withdraw portions of their pre-trial submission based on the Court's rulings on motions in limine.  As to that particular contention, the Court finds that Defendants' reading is too narrow, and that Plaintiffs' conduct in refusing to withdraw certain designations is not harmful or vexatious.  The Court repeats its warning, however, that any efforts by the Plaintiffs to re-litigate issues already decided by the Court or to present evidence related to claims not before the Court will result in sanctions up to and including dismissal of Plaintiffs' case.

The Gander Mountain Defendants also seek an order striking portions of Plaintiffs' pretrial submissions as improper and irrelevant and an order requiring Court approval for any further subpoenas served on Gander Mountain representatives.  For the reasons stated

below, the Court will reserve ruling on any objections to the Plaintiffs' pre-trial submissions. The Court will also reserve ruling on the propriety of any subpoenas issued by the Plaintiffs. The Court cannot know in advance whether subpoenas issued by the Plaintiffs would violate Court orders or findings until that party is named. The Federal Rules of Civil Procedure provide a procedure for objecting to subpoenas. Defendants may continue to take advantage of this procedure.

Finally, the Arctic Cat Defendants filed a motion to quash subpoenas on February 28, 2014, shortly before the Court held its second pre-trial conference. Defendants complained that Plaintiffs had served "tentative" depositions seeking trial/preservation depositions on Fred Bernier, Mark Esala and Tracy Crocker. The witnesses were to appear in St. Paul, Minnesota, for their testimony. Mr. Bernier and Mr. Esala, as explained above, have already been deposed. Mr. Crocker, who was hired by Arctic Cat in 2012, is Vice President of the Parts Oil Garments and Accessories ATV division. Defendants pointed out that the subpoena could not compel the attendance of Mr. Bernier and Mr. Esala, who live and work more than 300 miles from the location of their proposed testimony, as they are not officers of Arctic Cat. Defendants argued that Mr. Crocker, who is an officer and could theoretically be compelled to attend, had no relevant information on the case and would be unduly burdened by the deposition and the travel the deposition would require.

The Court orally granted this motion to quash at a conference held in chambers on February 28, 2014, and confirms the order here. For the reasons stated above, the testimony of Mr. Bernier and Mr. Esala can be presented by other means. Moreover, the testimony could not be compelled in St. Paul. In terms of Mr. Crocker, the Court finds, as above, that discovery in this matter has closed, that travel to St. Paul for testimony would be

an undue and unnecessary burden, and that Mr. Crocker is not likely to have any information that would lead to the discovery of admissible evidence. The motion to quash is granted. The Court will deny the motion for costs and attorneys fees, however. The Court had not yet ruled fully on the motions for trial testimony by video conference when the subpoenas were issued, and the Court must therefore find that the subpoenas were not issued to harass, annoy or burden the Defendants. The Court has now ruled, however, and any additional attempts to subpoena these witnesses, or any other witnesses on this bases, will result in immediate sanctions.

## C. Objections to Pre-Trial Disclosures

Plaintiffs filed objections to the Defendants' pre-trial disclosures. <u>See</u> Dkt. 260. The parties have filed their motions in limine, and the Court has resolved them at a conference with the parties and in this order. Plaintiffs' nevertheless lodge additional objections and seek rulings from the Court on this matter rather than waiting for those objections to be resolved at trial. The Court will address each objection in turn.

### i. Arctic Cat

#### a. List of Witnesses

Plaintiffs contend that one of the witnesses on the list, John Hussar, was not named in the Defendants' initial disclosures and not the subject of any supplementation. Plaintiffs also complain that Defendant has not identified the subject of Mr. Hussar's expected testimony. Plaintiffs seek to exclude his testimony. Defendant Arctic Cat responds by agreeing that Mr. Hussar was only recently disclosed as a potential witness. During the initial disclosures under Rule 26, Defendant points out, Defendant reserved the right to "call any witness necessary to lay the foundation for or authenticate any exhibit." Mr. Hussar

resides in the home near the accident site that is this case's subject. Plaintiffs have objected to any photographs of the accident scene. As a result, Defendant asserts, a witness will be necessary to lay a foundation for the admission of such documents. Mr. Hussar's presence on the witness list, Defendant asserts, is to fulfill this purpose.

The Court will dismiss any objection to this witness. Mr. Hussar's testimony is necessary only because of Plaintiffs' unwillingness to stipulate to the authenticity of photographs. Mr. Hussar's testimony is not material to any fact other than those photographs, and his presence in the case will not prejudice the Plaintiffs. Indeed, refusing to allow his testimony would allow Plaintiffs to undermine Defendants' case due to a problem that Plaintiffs created. As such, the objection is baseless, and the Court will dismiss it.

### b. Deposition Designations

Plaintiffs next assert that Arctic Cat has failed to identify the pertinent portions of the deposition testimony of each witness that Defendant intends to offer. Plaintiffs complain that these improper designations make objecting to the depositions impossible. They reserve the right to make such objections at trial. Defendant Arctic Cat responds that Arctic Cat has made counter-designations and stated grounds for objections and points appropriate under the circumstance.

The Court has reviewed the designations and counter-designations made by the defendants for each of the depositions to be presented at trial. These designations point to the specific page and line designated, and point to objections that were made in the depositions. The Court finds that these designations are sufficient for the purposes of Federal Rule of Civil Procedure 26(a)(3)(B), which requires that a party provide "the designation of those witnesses whose testimony is expected to be presented by means of

deposition[,]" and this Court's pre-trial order, which requires the parties to identify "the pertinent portions of the deposition testimony to be offered[.]" FED. R. CIV. P. 23(a)(3)(B); Pre-Trial Order 11(I)(b)  Plaintiffs are not prejudiced by the way that Defendants have designated the depositions, and the Court will dismiss the objections on these grounds.

### c. Exhibit Lists

Plaintiffs assert that exhibits have not been exchanged and request that they be permitted to object to exhibits based on any grounds apparent only after exchange.  The Plaintiffs nevertheless find the exhibit lists objectionable.  They contend that the exhibit lists are not specific enough, identifying groups of documents when those documents should be identified individually.  They also object that some documents have not been provided to the Plaintiffs, and object on all available grounds.  Plaintiffs also append a list of objections to many of the documents on the exhibit list.  Defendant Arctic Cat responds that specific objections to the exhibit list were lodged in Defendant's motion in limine seeking to exclude evidence of leg guarding, doors and off-road magazines, and that the Court granted the motion and excluded the evidence.  Otherwise, Defendant does not offer a specific response to these objections.

In terms of Plaintiffs' general objections about how the exhibit lists are worded and divided, the Court finds no basis for relief.   Plaintiffs do not point to particular exhibits which are improperly described, and the detailed list of exhibits and objections provided by the Plaintiffs belies any claim that Plaintiffs have been left incapable of ascertaining the nature of the documents or why they are objectionable.  In terms of Plaintiffs' objection that some of the documents have not yet been provided, the Court recognizes that objections can more easily be made when the documents are in front of the parties.  That is why the Court's

uniform pre-trial rules contain the requirement that the parties meet before trial to discuss stipulations.  The Court anticipates that many of the evidentiary issues regarding the authenticity and admissibility of exhibits will be resolved at that time, and that these issues need not presently trouble the Court.  The Court will therefore dismiss any objection to the pre-trial disclosures, anticipating that particular exhibits may raise particular concerns at the time of trial.

### d.  Waiver of Objections

Plaintiffs next argue that Defendant has waived any objections to the Plaintiffs' disclosures by failing to file them in a timely manner according to the Court's rules.  They assert that Defendants have waived their right to object to any deposition designations in this matter, and that any objections to deposition testimony from another matter, Ortiz v. Arctic Cat, are deficient.   Defendant Arctic Cat responds that Defendant did object to the pre-trial disclosures, both by filing motions in limine and in filing Defendants' own pre-trial disclosures, which contained objections to designations and evidence.

In terms of the Ortiz v. Arctic Cat matter, the Court agrees with the Defendant that Arctic Cat properly objected to the Plaintiffs' pre-trial disclosures in Defendant's own disclosures.  As explained above, the objections are clearly stated in the Defendant's filings.  To the extent that Plaintiffs raise this objection with regard to Defendant Gander Mountain, the same finding applies.  The Court will dismiss the Plaintiffs' objections in this respect as well.

### ii.  Gander Mountain

Plaintiffs also seek an order of Court preventing the Gander Mountain Defendants from presenting any witnesses, including expert witnesses, at trial, and from presenting any

witnesses via deposition testimony.  Plaintiffs assert that Defendant failed to comply with the Court's rules regarding pre-trial disclosures, that Plaintiffs have suffered prejudice, and that as a result, Defendant should be precluded from presenting testimony.  Defendant responds that Gander Mountain provided both a witness list and an exhibit list on December 2, 2013, as part of pre-trial filings.  In addition, Defendant has now filed an additional Pre-trial Disclosure Statement.  As such, Defendant contends, Plaintiffs' objections have been met and no action from the Court is required.

The Court agrees with the Defendant.  Defendant has provided the Plaintiffs with the information required by Rule 23(a)(3) and at a time sufficient for Plaintiffs to respond to that information and prepare for trial.  The objections are dismissed on these grounds as well.

### D.  Motions in Limine

After the Court's November 27, 2013 ruling, several motions in limine remained to be decided by the Court, subject either to additional briefing or other consideration of the parties' filings.  The Court will address all motions pending, even if the Court earlier decided to reserve judgment and now continues to do so.  If the Court has already ruled on a motion, the Court will restate that ruling and point to the page in the November 27, 2013 transcript where the ruling is located.  The Court enters the following findings:

### 1.  Plaintiffs' Motions

#### a.  Plaintiffs' motion to preclude portions of Dr. Hootnick's testimony

Plaintiffs filed a motion in limine to preclude testimony of Defendants' medical expert, Dr. David Hootnick, an orthopedic surgeon.  Dr. Hootnick had opined on Plaintiff's mental condition, and Plaintiffs' argued that he was not a psychiatrist and not qualified to

testify on those issues.  The Court heard argument on November 27, 2013 and reserved judgment on the issue.  The Court granted Plaintiffs' motion to preclude evidence of Plaintiff's psychological history, and found that Hootnick, as "an orthopod," was likely not "qualified to connect any past aberrant behavior to what she was doing on the day of the accident."  The Court ruled that Dr. Hootnick's testimony on Plaintiff's mental health would be admissible only if he could testify that her psychological problems "somehow affected her operation of the vehicle on the day of the accident."  Still, the Court directed Defense counsel to "talk to the doctor.  See if he thinks differently."

Defendants offer no argument that Dr. Hootnick will testify that Plaintiff's psychological condition affected her driving on the day of the accident in their briefs in opposition to this motion.  Those briefs were filed after the Court held its conference on the matter and reserved judgment.  Since Defendants have offered no argument that Dr. Hootnick will actually testify that Plaintiff's psychological issues somehow impacted Plaintiff on the day of the accident, the Court will grant the motion in limine and preclude Dr. Hootnick from testifying on Plaintiff's psychological problems.

### b. Preclude Plaintiff's Psychological History

The Court granted this motion on November 27, 2013.  <u>See</u> Dkt. 269 at 7

### c. Preclude Plaintiff's DWAI Conviction

The Court granted this motion on November 27, 2013.  <u>See</u> Dkt. 269 at 9.

### d. Preclude Evidence of Traffic Citations

The Court granted this motion on November 27, 2013.  <u>See</u> Dkt. 269 at 9.

### e. Adoptive Admission of Portions of Dr. Elizabeth Rafael's Report

Plaintiffs move to permit them to use portions of the expert report of Dr. Elizabeth H. Raphael, M.D., which was prepared for Defendant Arctic Cat.  At the November 27, 2013 hearing, Defendant represented that it had not decided whether to call Dr. Raphael as a witness at trial.  Plaintiffs argued that they should then be permitted to use portions of the report as "adoptive admissions."  The Court reserved judgment on this motion, concluding that the issues that Plaintiffs sought to raise could only be considered as of cross examination of Dr. Raphael, should she testify.   Thus, the Court will reserve judgment until trial and consider the issue then.

### f.  Missing Witness Instruction with Reference to Dr. Rafael

The Court denied this motion on November 27, 2013.  <u>See</u> Dkt. 269 at 15.

### g.   Missing Witness Instruction

Plaintiffs seek a "missing witness" instruction with reference to Frederic Bernier. The Second Circuit Court of Appeals "'permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of the party.'" <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 196 F.3d 409, 432 n.10 (2d Cir. 1999) (quoting <u>United States v. Caccia</u>, 122 F.3d 136, 138 (2d Cir. 1997)).  The Court is to look to "'all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility'" in deciding whether the witness is in one party's control.  <u>Id.</u> (quoting <u>United States v. Torres</u>, 845 F.2d 1165, 1170 (2d Cir. 1988)).  If the Court determines that the charge applies, "the jury" may "draw an adverse inference that the testimony of the witness would have been unfavorable to that party."  <u>Sagendorf-Teal v. County of Rensselaer</u>, 100 F.3d 270, 275 (2d Cir. 1996).

Plaintiffs seek an adverse inference in reference to Mr. Bernier, who is Arctic Cat's Director of Product Safety and Validation. They contend that, since he is not subject to subpoena for this trial, he may not be an available witness. They therefore seek an adverse inference instruction. The Court has already ruled that Bernier's testimony may be presented at the trial via his recorded deposition testimony. Because his testimony will be available at trial, the missing witness instruction is not available for this witness, and the motion will be denied in this respect.

### h. Statements in Prehospital Care Report

Plaintiffs moved to permit introduction of statements made in her "Prehospital Care Report" that indicated she was wearing her seat belt at the time of the accident. The Court ruled that this statement was admissible during the November 27, 2013 conference. After this ruling, defense counsel asked the Court to consider admission of all statements in the report. Plaintiffs countered that only those statements regarding medical diagnosis should be permitted. The Court reserved judgment on this issue. The Court needed to examine the contents of the report before ruling.

Courts have held that "notations made in hospital records regarding diagnosis and treatment . . . are admissible in evidence." Stroud v. Roper Corp., No. 88 Civ. 1093, 1990 U.S. Dist. LEXIS 10383 at *3 (S.D.N.Y. Aug. 7, 1990) (citing Reed v. Order of United Commerical Travelers of America, 123 F.2d 252 (2d Cir. 1941)). The parties in their briefing agree that this rule applies. Upon examining the record in question, it is clear that much of the report contains just such evidence regarding diagnosis and treatment of medical conditions. Defendants, seek, however, admission of the entire record, which also contains unattributed statements as to the facts of the accident, such as the condition of the vehicle

and Plaintiff's condition shortly after the incident.  The record also contains the statement "Advised that the patient's leg was initially pinned between the roll bar and the road."   The Court finds that these statements are generally admissible, depending on their relevance when introduced at trial.  Just as Plaintiff's statements about whether she was wearing a seatbelt could have been used by medical providers for the diagnosis and treatment of her condition, so too could statements about her position immediately after the accident, as well as her conduct and demeanor when medical staff arrived.   Still, Defendants, who seek to introduce the entire record, have not pointed to which statements they intend to introduce, or in what context.  As such, the Court will allow the parties to introduce statements from the report, subject to further consideration of the context in which the parties seek to introduce them.  The Court will therefore reserve ruling in part.

### i.  Dismissing First Affirmative Defense of Defendant Arctic Cat

Plaintiffs moved to dismiss Defendant Arctic Cat's First Affirmative Defense, that all or part of plaintiffs' damages would have been prevented by use of the available seatbelt. Defendants have advised the Court that they have withdrawn this defense.  The motion is therefore denied as moot.

### j.  Preclude Defendants from Alleging or Stating that use of the Prowler on the Roadway was Illegal

The Court granted this motion on November 27, 2013.  See Dkt. 269 at 19.

### k.  Preclude Evidence that Plaintiff Lacked a Driver's License

The Court granted this motion on November 27, 2013.  See Dkt. 269 at 19.

### l.  Permit Jury to View Prowler as Demonstrative Exhibit

The Court granted this motion on November 27, 2013.  See Dkt.  269 at 20.

### m.  Permit removal Prowler Engine for Easier Transport

The Court denied this motion on November 27, 2013.  <u>See</u> Dkt. No. 269 at 24.  The Court emphasizes that no evidence shall be admitted regarding the stability of the Prowler, either with or without the engine.  <u>Id.</u>

### n.  Testimony from Experts

Both sides have objected to the introduction of certain expert testimony.  They complain that photographs do not accurately depict the scene and the vehicle involved.  The Court will reserve judgment on the admissibility of those documents until trial and until after the parties have an opportunity to exchange exhibits.  Provided the parties properly exchange exhibits, the Court will rule on their admissibility as presented.

Plaintiffs objected to any testimony from Defendants' experts on the speed that Plaintiff was driving the vehicle at the time of the accident.  The Court reserved judgment on that issue.  The Court will have to determine whether Defendants can lay proper foundations for these estimates of speed before deciding on the admissibility of the evidence.

Similarly, any ruling on whether Defendants' experts may opine on the cause of the crash is reserved until the Court hears the foundation laid by these expert's testimony.

### 1. Defense Experts Offering Opinions on Condition of the Prowler or Depot Hill Road

The Court denied this portion of the motion on November 27, 2013.  <u>See</u> Dkt. No. 269 at 27.

### 2.  Gander Mountain Defendants' Motions

Defendant Gander Mountain also filed motions in limine, upon which the Court has

not yet ruled.

### a. Preclude Witnesses

Defendant argues that a number of the witnesses named in Plaintiffs' pre-trial disclosures were not named until that document was filed and the subject of their testimony was not provided. These witnesses are: Harold Brown, Jr., Lance Catanuto, Dean Horton, Thomas Sheridan, Renee Lobacz, Martin Hayes, Josh Pritchard, Mike Sloma, Theresa Witterman, Jeff Bronson, and Steven Iannone. Plaintiffs respond that these witnesses are friends, family and neighbors, some of whom were identified in depositions and in other disclosures. They will testify to "Barbara's law abiding nature and to the effect her injuries have had on her life." Plaintiffs asserts that these witnesses have been identified long before trial and each will be subject to cross examination, and argue that Defendant has claimed no prejudice from their inclusion.

Courts have been clear that "'if a party fails to provide information or identify a witness . . . a party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" Kam Hiring Enters. v. Wal-Mart Stores, Inc., 359 Fed. Appx. 235, 237 (2d Cir. 2010) (quoting FED. R. CIV. P. 37(c)(1)). In deciding whether to exclude the evidence, the Court considers "(1) the party's explanation for the failure to comply with the disclosure requirement, (2) the importance of the excluded evidence, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony, and (4) the possibility of a continuance." Id. (citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006)). Here, the witnesses that Plaintiff proposes to introduce are witnesses who could have been identified earlier, and who offer evidence of only limited importance. The prejudice suffered

by the Defendants from this testimony, if it is as limited in scope as the Plaintiffs propose, will be minor.  A continuance is not available.

The Court will order the Plaintiffs to supplement their pre-trial disclosures with a brief but sufficiently detailed summary of the testimony that each of these witnesses proposes to offer.  Plaintiffs should file this supplement within two days of this order.  The Court notes that testimony about Barbara Williams's propensity to abide by the law is not relevant to this matter, and such testimony will not be allowed.   In addition, Plaintiff can herself testify to her injuries and their impact on her life herself.  As such, the Court will be chary of admitting duplicative and/or speculative testimony.

The Court will therefore reserve on ruling on the admissibility of testimony from these witnesses.  At the same time, the Court reminds the Plaintiff that this is a trial about Defendants' alleged failure-to-warn, and the injuries that resulted from that alleged failure.  The Court will not permit the trial to become overrun with "character" witnesses who add nothing for the jury to consider.

### b. Preclude Evidence

Defendant also seeks to exclude various parts of the evidence listed on Plaintiffs' pre-trial disclosures.  Defendants argue that numerous of the items listed in Section 4 of the Plaintiffs' disclosures were not disclosed during discovery, and should be automatically precluded.  As explained above, preclusion is not automatic, but up to the Court's discretion.  Defendants also contend that the documents are not relevant or overly prejudicial, and that "the majority" contain inadmissible hearsay.  Defendants complain specifically about photographs which were taken recently and after the accident and argue that they should be precluded.

The Court will reserve judgment on this evidence.  The Court recognizes that evidence that was not disclosed should probably be precluded, but will wait to make a determination until the appropriate time at trial.   At this point, Defendant's arguments are generalized and do not address any particular piece of evidence.   As explained with reference to the photographs and other expert evidence discussed above, such decisions are best left until the Court has an opportunity to examine the specific evidence and how the party intends to use that evidence.  The Court reminds the Plaintiffs, however, that any evidence presented must be aimed at addressing the failure-to-warn claim or the Plaintiffs' injuries, the only issues remaining in the case.  Any evidence that addresses any claim but the failure-to-warn claim is precluded.

Defendant also objects to documents named in section 5 of the Plaintiffs' pre-trial disclosures, contending that the evidence is not relevant or unduly prejudicial, and that "most" contain inadmissible hearsay.  For the same reasons that the Court will preclude any evidence unrelated to the failure-to-warn claim and reserve judgment on the evidence contained in section 4 of the pre-trial disclosures, the Court will reserve judgment on the portions of the evidence related to the failure-to-warn claims.

### c. Preclude Evidence from Ortiz v. Arctic Cat

The Defendants seek to preclude evidence from Ortiz v. Arctic Cat, another personal injury suit against Defendant Arctic Cat.  Defendant Gander Mountain argues that the evidence is irrelevant and unduly prejudicial.  The Court ruled at the pre-trial conference that evidence from other lawsuits could not be introduced in this case unless there was evidence from those suits relating to failure to warn and the prominence or placement of such warnings.  Plaintiffs argue that evidence from the Ortiz suit addresses this issue, and

should be admitted. Plaintiffs point to descriptions of testimony that describe a variety of issues, including evidence on design defects and design features of the various vehicles, as well as the tendency of the vehicle to tip over on pavement. Such evidence is not admissible. Evidence, however, on the issue of specific warnings would be admissible. The Court will therefore reserve judgment on the particular evidence.

### d. Preclude Evidence on Design Defect or Breach of Warranty Claims

The Defendants seek to preclude Plaintiffs from presenting any evidence on the claims that were dismissed by the Court related to design defect and breach of warranty. The Court will grant this motion. This case is about a failure to warn, and nothing else. As explained above, attempting to elicit evidence on the causes of action previously dismissed will cause the Court to dismiss the Plaintiffs' case.

### 3. Arctic Cat Motions

Arctic Cat also submitted motions in limine. The Court ruled on most of those motions at the November 27, 2013 hearing. The Court will list all motions here and discuss those motions which were either reserved or went unaddressed.

### a. Preclude Reference and/or Evidence of Design Defect or Breach of Warranties

The Court granted this motion at the November 27, 2013 conference. <u>See</u> Dkt. no. 269 at 32.

### b. Subsequent Design Changes

Defendant argues that Federal Rule of Evidence 407 prohibits the introduction of any evidence on subsequent design changes on the subject vehicle. That rule provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to

occur, evidence of the subsequent measures is not admissible to prove: . . . a need for a warning or instruction." FED. R. EVID. 407. The Court "may," however, "admit this evidence for another purpose, such as impeachment or–if disputed–proving ownership, control, or the feasibility of precautionary measures." Id. Defendant contends that the rule applies because Defendant has never argued that adding additional warranties was not feasible. Plaintiffs do not respond to this motion.

The Court will grant the motion. The rule on this matter is clear, and neither side has pointed to any evidence which would indicate that Defendant claims that providing the warning was not feasible. Of course, evidence of subsequent changes may be used at trial for impeachment purposes if the opportunity arises, or if any Defense witness claims that providing a warning was not feasible.

### c. Preclude Evidence of Other Accidents, Complaints or Lawsuits

Defendant seeks to exclude evidence of other accidents, complaints or lawsuits. As explained in connection to the Gander Mountain motions, such evidence will be admitted only to the extent that the evidence directly relates to the issue of the failure to warn on the subject vehicle.

### d. Evidence Concerning the Rhino Vehicle

Defendant Arctic Cat has moved to preclude the Plaintiffs from introducing any evidence concerning accidents, claims, lawsuits and other matters involving the Yamaha Rhino, a vehicle similar to the Arctic Cat Vehicle here at issue. The Rhino has apparently been the subject of numerous lawsuits regarding the safe operation of the vehicle. The Court has already excluded evidence of other incidents, accidents complaints and lawsuits regarding vehicles similar to the Plaintiffs', unless Plaintiffs can provide evidence that the

accidents were related to a failure to warn. The Court concluded that evidence related to other lawsuits not involving a substantially similar failure to warn would be irrelevant pursuant to Federal Rule of Evidence 401, and unduly prejudicial pursuant to pursuant to Federal Rule of Evidence 403.

The Court reserved ruling on evidence related to the Rhino, however, because Plaintiffs asserted at the November 27, 2013 conference that Defendant Arctic Cat had produced a "pocket sales guide" that specifically referenced the Rhino, as well as the Polaris Ranger and Kawasaki Mule, as comparable to the vehicle here in question. According to the Plaintiffs' Counsel, the sales guide does not provide any warnings about driving the vehicle on the pavement. Plaintiffs argue that this information, as well as information about the warnings affixed to the Rhino and other similar vehicles, is relevant to the question of whether the warnings on the Defendant's vehicle were sufficient.

The Plaintiffs promised to provide the Court with the pocket sales guide, which would supposedly help prove that Defendant Arctic Cat was aware of the warnings on the Yamaha Rhino and in general of the need to supply such warnings. Plaintiffs did provide a partial copy of the pocket sales guide. See Dkt. No. 247-4. The copy is only partial, however. "Competitive Comparisons" are supposedly provided on page 7 of the guide. The copy provided by the Plaintiffs does not contain these comparisons. The Court is therefore unable to determine the relevance of these comparisons to the Plaintiffs' "failure to warn" claim. Since this pocket guide was the basis provided to the Court for the introduction of evidence about the Yamaha Rhino, the Court will grant the Defendant's motion with respect to evidence concerning accidents, claims and lawsuits regarding the Rhino.

Again, comparisons between the *design* of the Rhino and other competitor's products and the Defendant's Prowler vehicle are irrelevant, since there are no design claims in this case.   This case is about the warnings provided by the Defendant, not about whether there was a safer design for doors used by competitors.  Evidence of other accidents, lawsuits and injury claims involving the Rhino are not relevant and would serve only to confuse the jury regarding the issues of this case and will not be admitted except for the very limited purpose of providing evidence related to a failure to warn.  As with evidence of other accidents involving other vehicles, to the extent that Plaintiffs can develop evidence related to failure-to-warn issues, the evidence would be potentially admissible, and the Court reserves ruling on this motion as well.

**e.  Reference to or Evidence of ATV Accidents or CPSC, SVIA and ANSI Accident Information, Statistics, Reports, Studies, and to Preclude Reference to the Subject Prowler as an ATV**

Defendants sought to preclude mention of evidence on vehicles unrelated to the Prowler UTV here in question, particularly evidence of accidents with three- or four-wheel ATVs that lacked the two-person front seat of the subject vehicle.  The Defendant also sought to preclude mention of the Prowler as an ATV.  Plaintiffs argued that the information on other vehicles was relevant, and that Defendant itself had referred to the Prowler as an ATV in the operating manual.  The Court granted this motion as it pertains to other accidents, but reserved judgment on whether the Prowler could be referred to as an ATV.  If Plaintiffs can produce evidence at trial that indicates that Defendant Arctic Cat actually called the Prowler an ATV, then they can refer to the vehicle as such at trial.

**f.  Evidence of Recalls or Technical Bulletins by Arctic Cat for Subject Vehicle**

Defendant seeks to exclude evidence of recalls or technical bulletins by Arctic Cat for the subject Prowler vehicle. Defendant avers that no technical bulletin or recall has ever been issued regarding the warnings on the Prowler. The Court will grant this motion. The question in this case is whether the warnings were adequate. Any information about other technical problems with the vehicle is irrelevant to that question under Federal Rule of Evidence 401 and thus inadmissible under Rule 402.

### g. Evidence of Customer/Third-Party Reviews of Subject Prowler and/or Seatbelt

Defendant seeks to preclude any exhibit containing customer reviews or comments about the Subject Prowler and other UTVs of similar type. Defendant points to portions of the testimony of Mark Esala, an Arctic Cat witness, where Plaintiffs' counsel read into the record and asked for comments about customer complaints concerning the seat belts on the Prowler. Defendant contends that this evidence is irrelevant because there is no claim in this case remaining about the design of the vehicle or the vehicle's seat belts. Moreover, the evidence is irrelevant, unduly prejudicial and hearsay.

The Court will grant the motion as it refers to seat belts on any vehicle. The case is about the warnings, not the design of the vehicle, and evidence concerning the vehicle's design is irrelevant. Moreover, the Court agrees that the statements would serve to confuse the jury and distract from the issues in the case. Finally, the Court agrees that third-party reviews taken from websites or other sources, absent more information, are likely hearsay and should be excluded under Federal Rule of Evidence 802. Still, information about warnings may be relevant. The Court will therefore reserve ruling on the admissibility of evidence related to warnings from third-party sources, but cautions that Plaintiffs must have a

good-faith argument for why the hearsay rule does not apply or they will face sanctions from the Court.

### h. Preclude Evidence of Manufacturer's Marketing or Advertising Materials

The Court granted this motion on November 27, 2013. <u>See</u> Dkt. No. 269 at 52.

### i. Preclude Evidence of European Homologation and Street Use

The Court granted this motion on November 27, 2013. <u>See</u> Dkt. No. 269 at 45.

### j. Preclude Evidence of Arctic Cat's Financial Affairs, Corporate Size, Assets, Etc.

The Court granted this motion on November 27, 2013, but found that such evidence could be admissible if the jury finds punitive damages appropriate. <u>See</u> Dkt. No. 269 at 46.

### k. Preclude Evidence of Plaintiffs' Adult Son and His Presence in Courtroom

The Court granted this motion in part and denied the motion in part on November 27, 2013. <u>See</u> Dkt. No. 269 at 48. The motion is granted with respect to precluding the son's presence in the courtroom. The motion is denied with respect to Plaintiffs' testifying about the condition of their adult son and the effect of Plaintiff's injuries on care for the son.

### l. Preclude Evidence of Future Medical Treatment and/or Costs

The Court denied this motion at the November 27, 2013 hearing. <u>See</u> Dkt. No. 269 at 51.

### m. Preclusion of Evidence of Damages After April 17, 2012

Defendant seeks to preclude evidence of any damages suffered by the Plaintiffs after April 17, 2012, the last date upon which Plaintiffs supplemented their answers to discovery to provide updated medical bills. Defendant asserts that any evidence of additional

damages is inadmissible because Plaintiffs have a duty to provide such information and Defendant a right to test and oppose that information.  Plaintiffs respond that they have always forwarded any medical bills received from providers to the Defendants.  They have also provided Defendants with authorizations permitting them access to medical records. Defendants have therefore had access to any medical bills or records they sought to obtain.

Defendant does not argue that the Plaintiff's medical bills are irrelevant.  Her medical expenses to this point in the case are certainly relevant to the question of damages and are admissible.  Defendant's complaint is instead that the bills have not been provided for the Defendant to verify.  Defendant argues that failure to provide these bills should lead to the preclusion of any evidence related to medical expenses after the last disclosure.  Federal Rule of Civil Procedure 26(a) requires that "a party seeking damages must automatically 'provide to the other parties . . . a computation of each category of damages claimed by the disclosing party' and must 'make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which the computation is based.'" Williams v. Blvd. Lines, Inc., No. 10 Civ. 2924, 2013 U.S. Dist. LEXIS 149707, at *7 (S.D.N.Y. Sept. 30, 2013) (quoting FED. R. CIV. P. 26(a)(1)(A)(iii)).  A party also has a duty to supplement such discovery if additional evidence comes available.  Id.  Rule 37 permits the sanction of preclusion of such information for failure to comply with the Rule 26 requirements.  Id. at *8. To avoid such preclusion, the party who failed to comply must show that "its non-compliance was 'substantially justified' or 'harmless.'" Id. at *9.  (quoting Design Strategies, Inc. v. Davis, 367 F.Supp.2d 630, 635 (S.D.N.Y. 2005)).  Harmlessness occurs when there was no prejudice to the opposing side.  Id.

The Court will reserve a ruling on admissibility of these medical records. The Court notes that Defendant claims to have received no medical bills since April 2012, but Defendant offers no evidence of any efforts to obtain such information. If the information were vital to Defendant, Defendant could have demanded its production earlier rather than waiting until the eve of trial. Plaintiffs definitely have a duty to supplement the information, and should do so immediately. If, at trial, Plaintiffs have not produced the information and Defendants can explain why the lack of earlier medical records caused substantial prejudice, the evidence will be suppressed from April 17, 2012 onward.

### n. Preclusion of Evidence and Witnesses in Pre-trial Disclosures

Defendant raises the same issues in reference to the Plaintiffs' pre-trial disclosures as did the Gander Mountain Defendants. As above, the Court finds that the only exhibits which will be admitted at trial are those exhibits related to the failure-to-warn claim and will grant the motion with respect to those exhibits. The Court will reserve judgment on the issue of the testimony of the above-referenced witnesses as explained above.

### o. Preclude Evidence of Testify of Arctic Cat Employees in Other Lawsuits

The Court ruled on November 27, 2013 that the motion should be granted in part. See Dkt. 269 at 53. The evidence will be admitted only if the evidence is related toa failure to warn.

### p. Preclude Plaintiffs From Referring to the Subject Prowler as Unsafe or Dangerous

The Court denied this motion on November 27, 2013. See Dkt. 269 at 54.

## II.    CONCLUSION

The Court will therefore grant the parties' motions in part and deny them in part, as follows:

1.  The Defendants' motions to quash subpoenas are **GRANTED**.  The Court does not have the power to enforce those subpoenas.

2.  Defendant Gander Mountain's motions for sanctions are **DENIED**.  Plaintiffs are reminded, however, that any attempt to introduce evidence related to claims previously dismissed by the Court at trial may lead to the sanction of dismissal of Plaintiffs' case.

3.  Defendant Gander Mountain's motion for an order requiring court pre-approval for any subpoenas issued to Gander Mountain representatives is **DENIED.**

4.  Defendant Arctic Cat's February 28, 2014 motion to quash subpoenas is **GRANTED**.

5.  Defendant Arctic Cat's February 28, 2014 motion for costs is **DENIED**.

6.  The Plaintiffs' Motion to permit trial depositions or, in the alternative to permit the transmission of video-conference trial testimony is **DENIED**.  Discovery in this matter is closed and Plaintiffs have not shown good cause for the transmission of such testimony.

7.  Plaintiffs' objections to Defendants' pre-trial submissions are **DISMISSED**.

8.  Plaintiffs' motion in limine to preclude Dr. Hootnick from testifying on Plaintiff's psychological problems is **GRANTED**.

9.  Plaintiffs' motion in limine to preclude testimony on Plaintiff's psychological history is **GRANTED**.

10.  Plaintiffs' motion in limine to preclude testimony on Plaintiff's DWAI conviction is **GRANTED**.

11.  Plaintiffs' motion in limine to preclude mention of Plaintiff's traffic citations is **GRANTED**.

12. Plaintiffs' motion in limine for an adoptive admission instruction regarding Dr. Elizabeth Raphael is **DENIED**.

13. Plaintiffs' motion in limine for a missing witness instruction regrading Dr. Elizabeth Raphael is **DENIED**.

14. Plaintiffs' motion in limine for a missing witness instruction regrading Frederic Bernier is **DENIED**.

15. The parties may introduce statements from the Plaintiff's Prehospital Care Report, subject to the Court's assessment of the purpose and context of the statement to be introduced.

16. Plaintiffs' motion to dismiss Defendant Arctic Cat's first affirmative defense is **DENIED AS MOOT**.

17. Plaintiffs' motion in limine to preclude Defendants from alleging or stating that Plaintiff's use of the Prowler on a roadway was illegal is **GRANTED**.

18. Plaintiffs' motion in limine to preclude evidence of Plaintiff's lack of a driver's license is hereby **GRANTED**.

19. Plaintiffs' motion in limine to permit the jury to view the subject Prowler as a demonstrative exhibit is hereby **GRANTED**.

20. The Plaintiffs' motion in limine to permit removal of the Prowler engine is hereby **DENIED**. The Court emphasizes that no evidence shall be admitted regarding the stability of the Prowler, either with or without the engine.

21. Motions regarding the admissibility of evidence in expert testimony are **RESERVED**, except that Plaintiffs' motion to preclude defense experts from offering opinions on findings as to the conditions of the Prowler or Depot Hill Road is **DENIED**.

22.  Defendant Gander Mountain's motions in limine to preclude witnesses, preclude certain evidence and preclude any evidence from <u>Ortiz v. Arctic Cat</u> are **RESERVED**.  With reference to the <u>Ortiz v. Arctic Cat</u> case, only evidence directly related to a failure to warn will be admitted.  The motion is **GRANTED** with respect to any other evidence.

23.  Gander Mountain's motion to preclude any testimony on alleged design defect, negligence claims or breach of warranty claims is **GRANTED**.

24.  Arctic Cat's motion in limine to preclude reference and/or evidence of design defect or breach of warranties is **GRANTED**.

25.  Arctic Cat's motion in limine to preclude evidence of post-accident design changes is **GRANTED**.

26.  Arctic Cat's motion in limine to preclude evidence of other incidents, accidents complaints, claims or lawsuits is **RESERVED** under the same conditions as in reference to Gander Mountain's motion concerning <u>Ortiz v. Arctic Cat</u>.  Only evidence related directly to failure to warn will be admitted.

27.  Defendant Arctic Cat's motion in limine to preclude mention of accidents, lawsuits and injuries involving the Yamaha Rhino is **RESERVED**.  Only evidence related directly to failure to warn will be admitted.

28.  Defendant Arctic Cat's motion in limine to preclude reference to or evidence of ATV accidents or CPSC, SVIA and ANSI incidents, accidents, complaint or lawsuits with reference to the subject Prowler as an ATV is **GRANTED** with respect to all but reference to the Prowler as an ATV.  That portion of the motion is **RESERVED**.  The evidence may be admissible if Plaintiffs can show that Defendants referred to the Prowler as an ATV through competent evidence at trial.

29. Defendant Arctic Cat's motion in limine to preclude evidence of recalls or technical bulletins by Arctic Cat for the subject vehicle is **GRANTED**.

30. Defendant Arctic Cat's motion in limine to preclude evidence of customer/third-party reviews of subject prowler and/or seatbelt is **GRANTED** with respect to any reviews of seatbelts or other design defects. The Court **RESERVES** any ruling on information related to the warnings on the vehicle, but cautions the Plaintiffs that they must have a good-faith belief that hearsay objections can be overcome before attempting to introduce such evidence.

31. Defendant Arctic Cat's motion in limine to preclude evidence of manufacturer's marketing or advertising materials is **GRANTED.**

32. Defendant Arctic Cat's motion in limine to preclude evidence of European homologation and street use is **GRANTED**.

33. Defendant Arctic Cat's motion in limine to preclude evidence of Arctic Cat's financial affairs, corporate size, assets, etc. is **GRANTED**. Such information may be introduced, however, if the jury finds the imposition of punitive damages appropriate.

34. Defendant Arctic Cat's motion in limine to preclude evidence about Plaintiffs' dependent adult son and preclude the son's presence in the courtroom during trial is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to excluding the son's presence in the Courtroom during trial and denied with respect to testimony about the effect of Plaintiff's injuries on care for Plaintiffs' son.

35. Defendant Arctic Cat's motion in limine to preclude evidence of future medical treatment and/or costs is **DENIED**.

36. Ruling on Defendant Arctic Cat's motion in limine to preclude evidence of damages after April 17, 2012 is **RESERVED**.

37.  Ruling on Defendant Arctic Cat's motion in limne to preclude based on the pre-trial disclosures is **RESERVED**.

38.  Defendant Arctic Cat's motion in limine to preclude evidence or testimony of Arctic Cat's employees in other lawsuits is **GRANTED** unless that evidence relates directly to a failure to warn.

39.  Defendant Artcic Cat's motion in limine to preclude Plaintiffs from referring to the subject Prowler as unsafe or dangerous is **DENIED**.

DATED: March 13, 2014

Binghamton, New York

SO ORDERED

Thomas J. McAvoy
Senior, U.S. District Judge