UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA WILLIAMS and CRAIG WILLIAMS,
Her husband,

                              Plaintiffs,

              v.                                          3:11-cv-445

ARCTIC CAT, INC., ARCTIC CAT, ARCTIC
CAT PRODUCTION, LLC, ARCTIC CAT
PRODUCTION SUPPORT, LLC, ARCTIC CAT
SALES, INC., ARCTIC CAT SHARES SERVICES,
LLC, GANDER MOUNTAIN COMPANY, and
GANDER DIRECT MARKETING SERVICES, LLC,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **DECISION AND ORDER**

       Presently before the Court is Plaintiffs' Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). See dkt. # 317. Defendants have responded to the motion and Plaintiffs have filed a reply brief. For the reasons stated below, the Court will deny the motion.

**I.     BACKGROUND**

       Plaintiffs Barbara and Craig Williams commenced the instant personal injury action against Defendants arising out of Barbara Williams' operation of an Arctic Cat Prowler XT 650 H1 manufactured by Defendant Arctic Cat and sold by Defendant Gander Mountain. Plaintiffs asserted claims for strict products liability, negligence, and breach of warranty. In a Decision and Order issued on September 12, 2012, the Court dismissed Plaintiffs' design defect and breach of warranty claims. See Dkt. 150. The Court found the breach-of-

warranty claims against Defendant Arctic Cat time barred. Id. On September 19, 2012, the Court clarified that earlier ruling by confirming that breach-of-warranty claims against Defendant Gander Mountain were dismissed. See Dkt. 153. The Court dismissed these claims on the grounds that the evidence could not support a finding that the vehicle in question was not minimally safe, or that Plaintiff's injuries were caused by the failure to warn. Id.

Defendants filed timely motions for reconsideration, and in responding to those motions Plaintiffs also sought reconsideration of the Court's decisions. See Dkts. 156, 157, 162. On December 6, 2012, the Court issued a Decision and Order that addressed these motions. The Court again denied Defendants' motions for summary judgment in part. See Dkt. 181. The Court also denied Plaintiffs' motion for reconsideration on their breach-of-warranty claim. Id. No party filed a motion for reconsideration of that Order.

The Court set a trial date, which was continued several times at the parties' request. Eventually, the parties submitted pre-trial filings and motions in limine. After the Court addressed those motions, the trial occurred on Plaintiffs' one remaining cause of action, for failure to warn of the danger of driving the Prowler on a paved surface. At the end of an eight-day trial, the jury returned a verdict of no cause of action in favor of the Defendants. See dkt. # 309. Plaintiffs thereafter filed the instant motion for a new trial.

## II. DISCUSSION

### A. Legal Standard

Plaintiffs seek a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). That rule provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at

law in federal court[.]" FED. R. CIV. P. 59(a)(1)(A). "A district court should grant a new trial motion if it 'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" United States v. Landau, 155 F.3d 93, 104 (2d Cir. 1998) (quoting Smith v. Lighting Bolt Productions, Inc., 835 F.2d 966, 970 (2d Cir. 1987)). Such a motion may be granted "even if there is substantial evidence to support the jury's verdict." Id. In evaluating a motion for a new trial, the trial judge "'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'" Id. (quoting Bevevino v. Saydjari, 574 F.3d 676, 683 (2d Cir. 1983)). Still, "'a trial judge's disagreement with the jury's verdict is not sufficient reason to grant a new trial.'" Lawson v. County of Suffolk, 920 F.Supp.2d 332, 344 (E.D.N.Y. 2013) (quoting Kittay v. Korff (In re Palermo), No. 08cv7421, 2011 U.S. Dist. LEXIS 99537 (S.D.N.Y. Sept. 2, 2011)). Grounds for a new trial generally include: "(1) the verdict is against the weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions to the jury; or (4) damages are excessive." Lawson, 920 F.Supp.2d at 339 (citing 12 MOORE'S FEDERAL PRACTICE § 59.13[1] at 59-43).

### B. Plaintiffs' Motion

Plaintiffs offer a number of reasons for granting their motion for a new trial. The Court will address each in turn. The Court will also divide the subjects of the motion into relevant parts.

#### i. Pre-Trial Dispositive Rulings

##### a. Dismissal of Causes of Action/Preclusion of Plaintiffs' Expert

Plaintiffs first argue that a new trial should be granted because the Court erred in

dismissing their claims for breach of warranty, design defect, and negligence, and in precluding the testimony of Plaintiffs' proposed expert.

Plaintiffs' motion here does not provide any basis for granting a new trial. The motion does not address any events that occurred at trial. Plaintiffs do not claim that the jury's verdict was against the weight of the evidence, the Court was somehow unfair, that evidence was improperly admitted or excluded, or the verdict was excessive. Instead, in addressing the Court's decisions on dispositive motions, Plaintiffs raise issues decided by the Court long before the trial occurred. In attempting to revive claims dismissed at the summary judgment stage, Plaintiffs are simply attempting to obtain reconsideration of the Court's decision granting summary judgment on certain claims. The Court issued a decision and order granting partial summary judgment to Defendants on September 12, 2012. See dkt. #150. The decision also granted Defendants' motion to preclude the testimony of Plaintiffs' expert, Lawrence Feer. After the parties sought clarification, the Court issued another decision and order that made clear that Plaintiffs' breach-of-warranty claim was dismissed. See dkt. #153. All parties then sought reconsideration of the Court's rulings, and the Court denied those motions. See dkt. #s 156-157, 161-166, 181. Plaintiff persisted, however, and on January 14, 2014, again sought reconsideration of the issue. See dkt. # 266. On March 13, 2014, the Court again denied the motion for reconsideration of these issues. See dkt. # 290.

Since the summary judgment motions were decided long before trial, the Court concludes that with respect to these issues decided before trial, the Plaintiffs' Plaintiffs' motion is best considered a motion for reconsideration. In the end, Plaintiffs do not offer any grounds for denying the Defendants' motions that they have not stated numerous times

before. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. Gbj Corp., 156 F.3d 136, 144 (2d Cir. 1999) (quoting United States v. Local 1804-1, 831 F.Supp. 167, 169 (S.D.N.Y. 1993)). Plaintiffs' motion is clearly an effort to re-litigate issues decided long ago by this Court, and the motion is denied for the reasons stated in the Court's previous opinions.

The issues about Feer's testimony could be considered relevant to the trial since the Court precluded his testimony. The issue here is thus whether the Court properly precluded the testimony. An appellate court "will not disturb the district court's evidentiary rulings unless they are 'manifestly erroneous.'" Luciano v. Olsten Corp., 110 F.3d 210, 217 (2d Cir. 1997) (quoting Proteus Books Ltd. v. Cherry Lane Music Co., 873 F.2d 502, 514 (2d Cir. 1989)).

Plaintiffs do not offer any new argument as to why Professor Feer's testimony should have been admitted. Instead, Plaintiffs merely point to the arguments they made previously–in some cases well over a year ago. The Court has repeatedly rejected those arguments and does so again here on the same basis. Professor Feer's testimony was not relevant to Plaintiffs' remaining claims. Preclusion of his testimony did not cause the jury to reach a seriously erroneous or represent a miscarriage of justice. The motion is denied on this basis.

### ii. Jury Instructions

Plaintiffs next argue that the Court erred in instructing the jury regarding the definition of a public highway contained in the New York State Vehicle and Traffic Law § 134. They contend that the issue in this case was whether a warning on the subject vehicle never

to use the Prowler on "public highways where a collision with cars or trucks can occur" was adequate. By providing a definition of "public highway," Plaintiffs contend, the Court usurped the jury's function to determine what the warning meant. They argue that inclusion of the warning influenced the jury's verdict.

If a jury instruction "misleads the jury as to the correct legal standard or where it fails to adequately inform the jury of the law," the instruction "will be deemed erroneous." Cobb v. Pozzi, 363 F.3d 89, 112 (2d Cir. 2003). "An erroneous jury instruction mandates a new trial unless the error is harmless." Id. Such errors are "harmless only if the court is convinced that the error did not influence the jury's verdict." Id. at 116.

Plaintiffs do not contend that the Court's instruction misstated New York's definition of "public highway." Plaintiffs also do not assert that the Court somehow informed the jury that the warning was adequate by providing a definition of public highway. They simply argue that including an accurate statement of the definition of a "public highway" in New York somehow influenced the jury's verdict.

The Court finds that the jury instruction was not erroneous. The jury instruction provided a definition for "public highway" as contained in New York law. That term was used in the warning that was at issue in the case, and the jury instruction provided the jurors with a definition they could use in attempting to understand the meaning of the warning. Determining whether the warning was adequate was the question before the jurors, and the definition of "public highway" provided by the Court accurately described "public highway" as understood in New York. The Court did not instruct the jury that the definition itself demonstrated that the warning was accurate. Instead, the instruction offered the jury information they could in determining whether the warning adequately identified potential

dangers for users. There was nothing erroneous about that instruction.

Even if the instruction were somehow erroneous, such error would be harmless. The Court is convinced that the jury would not "have reached a different result had appropriate instructions been given[.]" Holzapfel v. Town of Newburgh, 145 F.3d 516, 525 (2d Cir. 1998) Plaintiffs' position is that no definition of public highway should have been provided because doing so usurped the jury's ability to determine the adequacy of the warning. The Court rejects this argument. The jury heard testimony from the Plaintiff about her understanding of the warning, her use of the vehicle, her driving on the day in question, and how the accident occurred. The jury also saw the warning and saw where the warning had been placed on the vehicle. Plaintiff does not complain about the Court's instruction concerning the adequacy of warnings, the central question in the case. Based on the evidence presented at trial and on the Court's instruction, it is presumed that the jury concluded that the warning adequately cautioned the Plaintiff about driving the vehicle on a roadway. Excluding a definition of "public highway" would not have eliminated any of this evidence and would not have altered the Court's instruction on warnings themselves. As such, even if there was error in instructing on the New York definition of public highway, such error was harmless.

### iii. Evidentiary Rulings at Trial

Plaintiffs next contend that two of the Court's evidentiary rulings at trial were in error. Plaintiffs do not cite to the standard recited above, but simply argue that two pieces of evidence excluded by the Court should have been admitted. They first point to a Dealer Agreement concerning ATVs, which Plaintiffs contend concerns the obligations a dealer had when selling Arctic Cat ATVs. Obligations included explaining the operator's manual, having

consumers practice certain maneuvers, and informing consumers of the availability of safety training for the vehicles. Plaintiffs admit that the Prowler in question was not an ATV, but argue that the agreement could have been used by the jury to determine what Arctic Cat knew about test drives and what sorts of programs Arctic Cat could have provided for the type of vehicle Plaintiffs purchased. The Court finds that there was no error in excluding evidence about a Dealer Agreement that did not cover the type of vehicle the Plaintiffs purchased. Permitting evidence of the agreement could have confused the jury about Defendants' obligations and operations, as well as the type of vehicle involved. The Court reiterates the reasons cited for excluding the evidence stated before trial.

Plaintiffs next point to a "pocket sales guide" for ATVs that Arctic Cat produced. They contend that the guide did not direct sales staff to warn potential purchasers about the dangers of operating a Prowler on pavement and did not contain information about the risks of the Prowler vehicle tipping over on pavement. Defendants respond that the Plaintiffs had been directed to provide the Court with a copy of the sales guide and never did, meaning that they cannot now argue that the guide was improperly excluded. In addition, as Defendants point out, Plaintiffs never moved for the admission of the pocket sales guide. See dkt. # 322-1 at 13-14.[1] The Court agrees. The Court cannot offer a conclusion on the admissibility of evidence without being able to view the evidence, and certainly cannot err in precluding evidence if the evidence was never actually offered for admission.

In any case, Plaintiffs offer no argument as to the prejudicial effect of the evidence they claim was erroneously excluded. As explained above, a finding of prejudice is

---

[1]Plaintiffs' reply brief does not address this argument, but simply contends that the dealer agreement should have been admitted. See dkt. # 325-2 at 7-8.

necessary before the Court could order a new trial. The Court can see no such prejudice. The question in this case was about the adequacy of the warnings on the vehicle. The jury considered evidence about the nature of the warnings, their location on the vehicle, and the Plaintiffs' understanding of those warnings. Having information about the agreement between dealers and the sales guide given to staff would do nothing to call this information into question or undermine the jury's conclusion about the contents and impact of the warning. As such, the Court cannot find that the jury's verdict was erroneous as a result of the failure to admit this evidence. Nor can the Court conclude that a miscarriage of justice occurred.

### iv. Trial Depositions

Plaintiffs next contend that the Court erred in denying their request to conduct trial depositions of certain witnesses. Plaintiffs do not offer any new argument for why these conclusions were wrong, but simply rely on their earlier arguments. Defendants respond by referencing their earlier arguments. As the Court has already ruled on the matter and the Plaintiff offers no new argument or evidence to reconsider that finding, and for the same reasons stated previously, the Court finds that the proposed depositions were not necessary to a proper resolution of this case. Since Plaintiffs offer no argument as to why the rulings were prejudicial, the Court finds that even if erroneous, the rulings were harmless and do not provide grounds for granting the motion for a new trial.

### v. Telephone Conference Requesting a De Bene Esse Deposition of Dr. Raphael

Plaintiffs next argue that a new trial should be granted because Magistrate Judge David E. Peeples denied their letter motion for a *de bene esse* deposition of an expert

witness on July 10, 2013. See dkt. # 193. Judge Peeples issued a text order stating that discovery had closed. See dkt. # 194. Again, Plaintiffs rely on their earlier pleadings and offer no argument as to the prejudicial effect of this ruling. They do not deny that discovery had closed, and they never appealed the Magistrate Judge's order to this Court. The Court finds no error in refusing to reopen discovery in the matter. Plaintiffs have pointed to no prejudice or miscarriage of justice from the order. The Court therefore finds that even if the order were in error, such error was harmless.

### vi. Motions in Limine/Other Motions

The Plaintiffs also argue that a significant number of the Court's other rulings were erroneous. Some of these motions occurred early in the case or involved discovery. To that extent, they should be denied as motions for reconsideration that simply seek to reargue matters already decided. Even if erroneous, the rulings were harmless. To the extent that Plaintiffs attack the Courts rulings on their motion in limine as erroneous, they again simply rely on their earlier arguments with respect to those motions. They offer no explanation for why those rulings led to a seriously erroneous result. For the same reasons as the Court provided in ruling on the original motions, the Court concludes that the rulings were not in error. Moreover, given all of the evidence in the case, the Court concludes that even if the rulings were erroneous, the jury did not "'reach a seriously erroneous result" and "'the verdict [was not] a miscarriage of justice.'" Luciano, 110 F.3d at 217. The Court will list the rulings complained of, noting that the parties offer the same argument for each ruling and that the Court offers the same response to those arguments.

1. Denial of Motion Seeking an Adoptive Admission Instruction Regarding Portions of Dr. Raphael's Expert Report. See dkt. # 290;

2. Denial of Motion Seeking Missing Witness Charge Regarding Dr. Raphael and Frederic Bernier. See dkt. # 290;

3. Denial of Motion to Preclude Defendants' Experts. See dkts. # 150, 290;

4. Grant of Defendants' Motion to Preclude Plaintiffs' Son from the Courtroom. See dkt. # 290;

5. Denial of Plaintiffs' Objections to Defendants' Pre-Trial Submissions. See dkt. # 290;

6. Denial of Motions to Compel Discovery from Arctic Cat. See dkt. #s 61,88;

7. Denial of Motion to Remand. See dkt. # 22;

8. Denial of Request to consider Plaintiffs' Reply Papers. See Text Order entered 9/21/12;

9. Denial of Requests to Extend Discovery Deadlines. See Text Orders dated 11/8/2011, 6/14/2012;

10. Denial of Request to Submit a Reply Brief in Support of Motion to Compel. See Text Order dated 1/17/2012;

11. Denial of Requests Regarding Discovery. See Text Orders dated 6/15/2012, 6/14/2012.

The Court will therefore deny the motion for a new trial on all of these grounds as well.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for a New Trial, dkt. # 317, is

DENIED.

DATEd: June 10, 2014

Binghamton, New York

SO ORDERED

_____
Thomas J. McAvoy
Senior, U.S. District Judge