UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA WILLIAMS and CRAIG WILLIAMS,
Her husband,

                          Plaintiffs,

        v.                                        3:11-cv-445

ARCTIC CAT, INC., ARCTIC CAT, ARCTIC
CAT PRODUCTION, LLC, ARCTIC CAT
PRODUCTION SUPPORT, LLC, ARCTIC CAT
SALES, INC., ARCTIC CAT SHARES SERVICES,
LLC, GANDER MOUNTAIN COMPANY, and
GANDER DIRECT MARKETING SERVICES, LLC,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECISION AND ORDER

Presently before the Court is Plaintiffs' Motion for Modification of Defendant Gander Mountain's Bill of Cost and Plaintiffs' Motion for Modification of Defendant Arctic Cat's Bill of Costs. See Dkt. #s 330, 331. Defendants have responded to the motions and Plaintiffs have submitted a reply brief.

**I.      BACKGROUND**

Plaintiffs Barbara and Craig Williams commenced the instant personal injury action against Defendants arising out of Barbara Williams' operation of an Arctic Cat Prowler XT 650 H1 manufactured by Defendant Arctic Cat and sold by Defendant Gander Mountain. Plaintiffs asserted claims for strict products liability, negligence, and breach of warranty. In a Decision and Order issued on September 12, 2012, the Court dismissed Plaintiffs' design defect and breach of warranty claims. See Dkt. # 150. The Court found the breach-of-

warranty claims against Defendant Arctic Cat time barred. Id. On September 19, 2012, the Court clarified that earlier ruling by confirming that breach-of-warranty claims against Defendant Gander Mountain were dismissed. See Dkt. # 153. The Court dismissed these claims on the grounds that the evidence could not support a finding that the vehicle in question was not minimally safe, or that Plaintiff's injuries were caused by the failure to warn. Id.

Defendants filed timely motions for reconsideration, and in responding to those motions Plaintiffs also sought reconsideration of the Court's decisions. See Dkt. #s 156, 157, 162. On December 6, 2012, the Court issued a Decision and Order that addressed these motions. The Court again denied Defendants' motions for summary judgment in part. See Dkt. # 181. The Court also denied Plaintiffs' motion for reconsideration on their breach-of-warranty claim. Id. No party filed a motion for reconsideration of that Order.

The Court set a trial date, which was continued several times at the parties' request. Eventually, the parties submitted pre-trial filings and motions in limine. After the Court addressed those motions, the trial occurred on Plaintiffs' one remaining cause of action, for failure to warn of the danger of driving the Prowler on a paved surface. At the end of an eight-day trial, the jury returned a verdict of no cause of action in favor of the Defendants. See Dkt. # 309. Defendants filed bills of costs. See Dkt. #s. 315, 319. The Court thereafter taxed those costs. See Dkt. #s 327, 328. Plaintiff then filed the instant motions, which allege that the costs taxed are excessive and should be reduced or eliminated.

## II. DISCUSSION

### A. Legal Standard

Plaintiffs challenge the Clerk's assessment of costs, arguing that Defendants seek to recover costs not available under federal law and that equitable considerations should cause the Court to deny or limit the costs recovered. Federal Rule of Civil Procedure 54(d)(1) permits the Clerk of Court to tax costs for the prevailing party. Fed. R. Civ. P. 54(d)(1). The Court may "review" the Clerk's action upon the motion of the taxed party. Id. Federal law permits taxation of costs in the following areas:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily ordained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under section 1829 of this title.

28 U.S.C. § 1920. The Supreme Court has limited the taxation of costs to these enumerated areas. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

This Court is to "[review] the clerk's taxation of costs by exercising its own discretion to 'decide the cost question itself.'" Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964)). An award of costs against the losing party "is the normal rule obtaining in civil litigation, not an exception." Id. As such, "the losing party has the burden to show that costs should not be imposed[.]" A number of reasons exist for denying costs, including "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. The Court is permitted to "deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." Id. The Court's decision to deny costs depends on equitable factors, and a party's "meager financial

- 3 -

resources and . . . good faith prosecution of claims" can lead the Court to use its discretion and deny or limit a bill of costs. Moore v. County of Del, 586 F.3d 218, 221-222 (2d Cir. 2009). "Public policy considerations militate against allowing costs to be exacted as an 'undue barrier to litigation.'" Furman v. Cirrito, 782 F.2d 353, 354 (2d Cir. 1986) (citing Larchmont Engineering, Inc. v. Toggenburg Ski Center, Inc., 444 F.2d 490, 491 (2d Cir. 1971)). A Court denying costs to the prevailing party "must articulate its reasons for doing so." Whitfield, 241 F.3d at 269.

### B. Plaintiffs' Motion to Reduce Costs

Plaintiffs address each of the bills of costs, arguing that they are excessive and should be either reduced or dismissed altogether. Plaintiffs offer arguments for why specific costs should be reduced. They do not, however, provide a detailed accounting of the costs they feel should be subtracted and the remaining costs after those subtractions. The Court has attempted its own calculation based on the amounts that the Plaintiffs argue should be reduced from each bill. For reasons that will become apparent, the Court will decline to address the specific reductions for which the Plaintiffs argue.

The Court finds that equitable considerations mandate reduction in the costs taxed against the Plaintiffs. The Court finds that Plaintiffs brought their claims in good faith. A jury may have concluded that the evidence did not support Plaintiffs' claim, but nothing in the case indicates to the Court that Plaintiffs' claims were brought simply to harass or inconvenience the Defendants. The Court is also convinced by the evidence Plaintiffs provide that they lack the financial resources to pay a bill of costs at the level requested by the Defendants. Plaintiffs have submitted affidavits and proofs indicating that Plaintiff Barbara Williams' sole source of income is $744 a month in social security disability, that her

husband, Plaintiff Craig Williams, has an income of approximately $2500 a month from his body shop, and that this income must support a family of four, including a disabled adult son. The couple has no savings and little equity in their home. The also have considerable monthly expenses for their mortgage, transportation, health care, and other bills. See Affidavit of Barbara Williams, Dkt. # 330-6.

Given Plaintiffs' financial situation, awarding more than $30,000 in costs to large corporations and causing financial devastation to the Plaintiffs would not do equity. Moreover, equitable considerations also require the court to consider whether such an award would erect an undue barrier to litigation. The Court finds that imposing the costs sought by Defendants would discourage other Plaintiffs with potentially meritorious claims from bringing cases in this Court. A reduction in the costs assessed is mandated by those circumstances. The Court will reduce the award of costs to reflect these considerations.

Taking into consideration the costs claimed by the Defendants and the Plaintiffs' financial condition, equitable considerations lead the Court to deny the Plaintiffs' motion in part and grant it in part. The costs taxed in favor of the Arctic Cat Defendants will be reduced from $21,888.28 to $3,000. The costs taxed in favor of the Gander Mountain Defendants will be reduced from $10,481.24 to $2,000. According to the Court's calculations, the Plaintiffs' motion argues that approximately $12,924.17 of the costs claimed by the Arctic Cat Defendants were improper and approximately $7517.79 of the costs claimed by the Gander Mountain Defendants were improper.[1] The costs taxed are therefore considerably

---

[1] The Plaintiffs' failure to provide an itemized breakdown of the costs which they claim were improperly assessed made this calculation difficult, and the Court's calculation attempted to resolve all doubts in the Plaintiffs' favor. The Plaintiffs, who had the burden of demonstrating unnecessary expenses, should have provided a clearer breakdown. In any case, the Court has reduced the expenses to an amount lower than the amounts Plaintiffs apparently admit was justified by actual expenses. The
(continued...)

less than the Plaintiffs claimed were justified by actual expenses, and are reduced to an amount the Court considers justified by equitable considerations.

### C. Motion to Stay

Plaintiffs request that, should the Court award any costs to Defendant, the award be stayed pending the outcome of their appeal in this matter. The Plaintiffs contend that they have a good chance of prevailing on appeal. Moreover, they argue, Plaintiffs lack the financial resources to pay the costs taxed, while Defendants are large corporations with significant financial resources.

"When a district court's judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." Furman, 782 F.2d at 355. Courts are clear, however, that a plaintiff must "demonstrate good reason for the Court to exercise its discretion to delay an award of costs pending an appeal." EEOC v. Allied Sys. Inc., No. 1-97-CV-1396, 1999 U.S. Dist. LEXIS 8878, *3 (N.D.N.Y. June 9, 1999). The mere possibility of prevailing on appeal does not justify staying the payment of costs. Deering Miliken & Co. v. Temp-Reisto Corp., 169 F.Supp. 453, 455 (S.D.N.Y. 1959).

The Court will deny the motion to stay any order awarding costs. The Plaintiffs' belief in their likelihood of prevailing on appeal is not enough to justify such an order. Moreover, the Court has already reduced the award in recognition of Plaintiffs' economic circumstances.

## III.    CONCLUSION

---

[1](...continued)
Court's calculations in this respect should not be construed to mean that the Court agreed in any respect with the Plaintiffs' arguments that the Defendants' calculations were excessive. The Courts' calculations are meant simply to illustrate that the Court's reductions in costs are greater than the reductions which would have been achieved had the Court simply adopted the costs which the Plaintiffs considered proper under the law.

For the reasons stated above, Plaintiffs' Motion for Modification of Defendant Gander Mountain's Bill of Cost, Dkt. # 330, is **GRANTED** in part and **DENIED** in part. The amount of costs owed the Gander Mountain Defendants by Plaintiffs is reduced from $10,481.24 to $2,000. Plaintiffs' Motion for Modification of Defendant Arctic Cat's Bill of Cost, Dkt. # 331, is **GRANTED** in part and **DENIED** in part. The amount of costs owed the Arctic Cat Defendants by Plaintiffs is reduced from $21,888.28 to $3,000. Plaintiffs' Motion to Stay with respect to both Bills of Costs is **DENIED**.
**SO ORDERED**.


Dated: August 20, 2014

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge